Dear Mr. Doughty:
On behalf of the West Carroll Parish Police Jury, you have requested an opinion of this office about work performed by the Parish on the grounds of the Dixie League Baseball Park, which is owned by a non-profit organization. According to your correspondence of October 21, 1996, the Police Jury has provided the services of an off-duty employee to the Park for the purpose of hauling and spreading dirt. The employee used parish road maintenance equipment for this project. Additionally, in conjunction with the razing of an old press box at the Park, the Parish has allowed debris to be loaded into a parish dump truck. The debris was then hauled to the dump in the Parish dump truck by a Parish employee.
Implicitly, your question must be addressed in light of La. Const. Art. VII, Sec. 14, which prohibits, subject to certain exceptions, the "funds, credit, property or things of value of the state or of any political subdivision" from being "loaned, pledged, or donated to or for any person, association, or corporation, public or private."
This office has previously opined that municipalities are vested with broad authority to develop and administer recreational programs and facilities in accordance with R.S. 33:4553, which provision of law is equally applicable to parishes. See Atty. Gen. Op. No. 96-109, which determined that a municipality could expend public funds, pursuant to a cooperative endeavor, for the renovation/repair of a non-City owned recreational and educational facility parking lot in exchange for which the facility would be open to all of the City's children, at no charge. Similarly, we opined in Atty. Gen. Op. No. 96-185, that the Town of Olla could make improvements to a ballfield located within town limits but owned by Recreation District 22, and that the making of such improvements would not violate Art. VII, Sec. 14. Rather, we determined that the Town's improvement of a ballfield owned by District 22, but located within the Town, appeared to be more in the nature of a cooperative endeavor, sanctioned by La. Const. Art. VII, Sec. 14 (C).
Also pertinent is Atty. Gen. Op. No. 96-202, which determined that the Town of Robeline could enter into a cooperative agreement with the Robeline Recreation Association, Inc., and pursuant thereto, contribute to the cost of the installation and maintenance of lighting fixtures to be placed around a baseball/softball park owned by the Association. See also: Gustev. Nicholls College Foundation, 564 So.2d 682 (La. 1990).
In accordance with the reasoning and authorities set forth in the opinions referenced herein, it is the opinion of this office that the Parish of West Carroll did not violate the provisions of La. Const. Art. VII, Sec. 14 by providing the Dixie Youth Baseball Park with the services and assistance you described. Rather, the Parish's improvement of a privately owned ball park located within the Town appears to be in the nature of a cooperative endeavor, sanctioned by La. Const. Art. VII, Sec. 14 (C). We note that the interests of West Carroll Parish in the provision of recreational facilities and opportunities to its citizens and children are met by providing services to an existing ballfield within the Parish. In return, the Dixie Youth Baseball Park presumably provides a valuable service to the Town and its citizens by the continued maintenance of its recreational facilities and programs within the Town for the use of all Town residents.
Although your opinion request also asked this office to give an opinion regarding "routine maintenance", you have since advised that this opinion is no longer required. Accordingly, we have declined to address that issue.
We trust the foregoing to be of assistance.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
BY: ___________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General RPI:JMZB:jv